Betty **SCHILLING**, Independent Administratrix of the Estate of James Schilling, Deceased and Betty Schilling, Individually, Plaintiffs/Respondents,

v.

**E. BARKER AUTO & TRUCK REPAIR, INC.** Defendant,

and

**Human Support Services, Appellant,**

v.

**Collins Industries, Inc., Third–Party Defendant/Respondent.**

No. ED 77425.

Missouri Court of Appeals,
Eastern District,
Division Five.

Nov. 28, 2000.

Robert J. Bassett, Donovan, Rose, Nester & Joley, P.C., Belleville, IL, for appellant.

James J. Virtel, Jeffery T. McPherson, Armstrong Teasdale, St. Louis, for respondent.

Before HOFF, C.J. and CRANE, J. and ROBERT E. CRIST, S.J.

## ORDER

PER CURIAM.

Human Support Services appeals from the judgment entered on a jury verdict in favor of third party defendant Collins Industries, Inc.

Betty Schilling, as Independent Administratrix of the Estate of James Schilling, and individually, filed personal injury and wrongful death claims against E. Barker Auto & Truck Repair, Inc. and Human Support Services for injuries and death sustained by James Schilling when he fell while being lifted into a vehicle in his wheelchair. Human Support Services filed a third party claim for contribution against Collins Industries. Betty Schilling settled her claim against E. Barker Auto & Truck Repair, Inc. The jury returned a verdict in favor of Betty Schilling on her claim against Human Support Services and in favor of Collin Industries, Inc. on the third party claim of Human Support Services. Human Support Services appealed from the judgment entered on that verdict. The appeal from the judgment in favor of Betty Schilling was settled. The appeal from the judgment in favor of Collins Industries, Inc. is the only appeal now before us.[1]

We have reviewed the briefs of the parties, the legal file, and the record on appeal, and find the claims of error to be without merit. The evidence in support of the jury verdict is not insufficient. No error of law appears. An extended opinion would have no precedential value.

---

1. The Motion to Dismiss and for Sanctions filed by Collins Industries, Inc. is denied.

Judgment affirmed pursuant to Rule 84.16(b).